# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE C. STANISH, | ) | CASE NO. 1:19CV884 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| STATE OF OHIO/MEDINA COUNTY, | ) | OPINION AND ORDER |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on the Complaint of Plaintiff George C. Stanish ("Plaintiff") against the State of Ohio and Medina County (collectively "Defendants"). (ECF DKT # 1). Plaintiff brings this action pursuant to 42 U.S.C. § 1983 and claims that, while incarcerated at the Medina County Jail, Defendants violated his constitutional rights by not attending to his medical needs in a timely manner. (ECF DKT # 1 at 5). Also before the Court is Plaintiff's motion to proceed with this action *in forma pauperis* (ECF DKT # 2), and that motion is granted.

For the reasons that follow, this action is dismissed.

## I. BACKGROUND

Plaintiff alleges that he was "recently" incarcerated in the Medina County Jail between November 4 and March 23.[1] According to the Complaint, Plaintiff had a tooth pulled and the

---

[1] Plaintiff does not indicate the year in which the events at issue took place, but because he uses the word "recently" and in the spirit of liberally construing the Complaint, the Court will assume for the purpose of this analysis that he brings this action within the two year statute of limitations. *Browning v. Pendleton*, 869 F.2d 989, 990 (6th Cir. 1989) (Ohio's two year statute of limitations for bodily injury applies to § 1983 claims).

dentist "nicked" his lip during the procedure, resulting in an infection. He states that his lip swelled up three times its size and he felt extremely ill. Plaintiff repeatedly asked the nurses at the Jail for help. A nurse named Michelle took a picture of his lip and sent it to the doctor on call. Plaintiff states that on the fifth day, "they ordered a low dose of amoxicillin" which did not help and his condition worsened. Plaintiff's mother called the sheriff and he was taken to the emergency room where his lip was drained, and he received IV fluids and prescriptions for two antibiotics. After Plaintiff completed the course of antibiotics the infection returned, and he was prescribed more antibiotics "for months." Plaintiff feels that his infection was not properly treated in a timely manner and, as a consequence, his lip has been permanently injured. For relief, Plaintiff asks the Court to award him $400,000.00 and the future cost of medical care to repair the nerve damage in his lip. (ECF DKT # 1 at 5-6).

## II. DISCUSSION

### A. Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982), federal district courts are expressly required under 28 U.S.C. § 1915(e)(2)(B) to screen all *in forma pauperis* actions and to dismiss before service any such action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. The standard for dismissal articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) with respect to Fed. R. Civ. P. 12(b)(6) also governs dismissal under § 1915(e)(2)(B). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). In order to survive scrutiny under § 1915(e)(2)(B), a *pro se* complaint must set forth sufficient factual matter, accepted as true, to

state a plausible claim for relief. *Anson v. Corr. Corp. of Am.*, 529 F. App'x 558, 559 (6th Cir. 2013).

Pleadings and documents filed by *pro se* litigants are "liberally construed" and held to a less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That said, *pro se* plaintiffs must still satisfy basic pleading requirements and the Court is not required to conjure allegations or claims on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001) (citations omitted).

**B. 42 U.S.C. § 1983**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "Section 1983 provides a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' by any person acting 'under color of any statute, ordinance, regulation, custom, or usage, or any State or Territory.'" *Gomez v. Toledo*, 446 U.S. 635, 638 (1980) (quoting 42 U.S.C. § 1983). Although Plaintiff does not specify the constitutional basis for this action, the Court liberally construes the Complaint as claiming that Defendants were deliberately indifferent to Plaintiff's serious medical needs in violation of the Eighth Amendment of the United States Constitution.

The Eighth Amendment's prohibition against cruel and unusual punishment proscribes punishment that is incompatible with "'the evolving standards of decency that mark the progress of a maturing society'" and, under that standard, obligates the government to provide medical care for prisoners. *Estelle v. Gamble*, 429 U.S. 97, 102 (1976) (quoting *Trop v. Dulles*, 356 U.S. 86, 100-01 (1958)). The government runs afoul that obligation when it is deliberately indifferent to a prisoner's serious medical needs. *Id.* at 104-05.

A § 1983 claim for deliberate indifference consists of an objective component and a subjective component, both of which must be satisfied. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective component requires the existence of a "sufficiently serious" medical need. *Id*. The subjective component requires a showing that prison officials had a sufficiently culpable state of mind in denying a prisoner medical care. *Id*. That is, the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference" and disregard it. *Id*. at 837.

**B. Analysis**

Even assuming for the purpose of this analysis that Plaintiff's allegations satisfy the objective component of a deliberate indifference analysis, Plaintiff fails to establish the subjective component. Plaintiff received treatment for his infected lip. A nurse took a photograph of his lip and sent it to the doctor on call, and an antibiotic was prescribed. When that treatment proved to be insufficient, Plaintiff was taken to the emergency room and prescribed antibiotics for an extended period of time.

Plaintiff alleges that the treatment he received was untimely and inadequate, resulting in a permanent injury to his lip. But claims of inadequate medical treatment do not state an Eighth Amendment violation. *Estelle,* 429 U.S. at 105. While inadequate treatment may support a claim for medical malpractice, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Id*. at 106. Deliberate indifference requires more than medical negligence. *See id.*

"Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical

judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976); *see also Estelle,* 429 U.S. at 107 (the issue of whether a doctor should have ordered certain diagnostic tests or forms of treatment is a "classic example" of the exercise of medical judgment and does not constitute cruel and unusual punishment).

Accordingly, Plaintiff fails to state a plausible § 1983 claim that Defendants were deliberately indifferent to his serious medical needs,[2] and this action is dismissed pursuant to § 1915(e)(2).[3]

### III.  CONCLUSION

For all of the foregoing reasons, this case is dismissed and closed.  Plaintiff's motion to proceed *in forma pauperis* is granted.  (ECF DKT # 2).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

    s/  Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated:**  November 6, 2019

---

[2] Even if Plaintiff had stated a plausible § 1983 claim, this action would nevertheless be dismissed.  The State of Ohio is not a person within the meaning of § 1983, is immune from suit pursuant to the Eleventh Amendment of the United States Constitution, and has not waived that immunity in § 1983 cases.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989); *Wolfel v. Morris*, 972 F.3d 712, 718 (6th Cir. 1992).  With respect to defendant Medina County, it is well-established that a county may be liable under § 1983 only when its own official policy or custom caused the injury that forms the basis of the claim.  *See Monell v. Dep't of Soc. Servs*., 436 U.S. 658, 691 (1978).  Here, Plaintiff's allegations in the Complaint do not suggest that the allegedly inadequate care he received while incarcerated in the Medina County Jail resulted from Medina County's customs or policies regarding the medical care to be provided to inmates.  Therefore, Plaintiff's claims against the State of Ohio and Medina County are subject to dismissal for these additional reasons.

[3] To the extent that Plaintiff is asserting a state law claim for medical negligence, the Court declines to exercise supplemental jurisdiction and that claim is dismissed without prejudice.  *See* 28 U.S.C. § 1367.